# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF PUERTO RICO

AUSTIN TROUT,

    Plaintiff,

    v.

ORGANIZACIÓN MUNDIAL DE BOXEO, INC.

    Defendant.

CIVIL NO. 17-1953 (PAD)

## OPINION AND ORDER

Delgado-Hernández, District Judge.

Plaintiff initiated this action against defendant Organización Mundial de Boxeo, Inc. (translated to the English language as "World Boxing Organization, Inc.")("WBO"), asserting violations of the Muhammad Ali Boxing Reform Act, 15 U.S.C. §§ 6301 et seq., and breach-of-contract, fraud, and negligence claims under Puerto Rico law (Docket No. 28). Before the court is the WBO's "Motion to Compel WBO Grievance/Arbitration Required Under Section 35(e) of the WBO Rules Regulating Championship Contests," filed as part of the answer to the complaint and amended complaint (Docket Nos. 27 and 38). Plaintiff opposed, defendant replied, and plaintiff sur-replied (Docket Nos. 40, 44, and 51). For the reasons explained below, the motion is GRANTED and the case DISMISSED WITHOUT PREJUDICE. Plaintiff's claims must be sent to arbitration.

## I.    BACKGROUND

Plaintiff, a citizen of New Mexico, is a professional boxer with a career of memorable fights against notable boxers such as Miguel Cotto and Saúl "Canelo" Álvarez. When he is not in

the ring, he oftentimes works as a television commentator (Docket No. 28, pp. 2-4). The WBO, organized under the laws of and with principal place of business in Puerto Rico, is a major boxing sanctioning organization governed under its own constitution, by-laws, and regulations. Id. at pp. 2-6. It establishes operating regulations for the activities of its members, including the rules-of-conduct for member matches as well as the weight-class ranking system used in the organization (the "Regulations"). Id. at pp. 5-6. Its members agree to be bound in contract by those Regulations. Id. at pp. 4-7, 20-22, 24.

Plaintiff was a member in good standing of the WBO. Id. at p. 6. He alleges that in July and August of 2015, the WBO breached its Regulations when it abruptly and inexplicably dropped him from the WBO's top four junior-middleweight rankings, effectively cutting off his eligibility to fight for the vacant junior middleweight title. Id. at pp. 7-16. Believing that in doing so, the WBO violated the Muhammad Ali Boxing Reform Act, breached the contract between the parties, and incurred in fraudulent and negligent acts (id. at pp. 16-25), on November 16, 2015, he initiated this action in the Third Judicial District of the County of Doña Ana in the State of New Mexico. See, Docket Nos. 1, ¶ 1; 1-2.

On February 9, 2016, the WBO removed the case to the U.S. District Court for the District of New Mexico (Docket Nos. 1; 1-2), following up three days later with a motion to dismiss for improper venue under Rule 12(b)(3) of the Federal Rules of Civil Procedure (Docket No. 4; 4-1, p. 21). On August 3, 2016, the U.S. District Court in New Mexico denied the motion to dismiss, instructing the parties to submit legal briefs as to whether the case should be transferred to this District pursuant to 28 U.S.C. § 1404(a) (Docket No. 9). On August 23, 2016, the WBO filed a "Motion for Transfer of Venue to the District of Puerto Rico" (Docket No. 11), which plaintiff opposed (Docket No. 12). On July 5, 2017, the District of New Mexico granted the WBO's

motion, and on July 24, 2017, transferred the case to this court (Docket Nos. 15 and 16). On August 28, 2017, the WBO filed an answer to the complaint, wherein it included a motion to dismiss and to compel arbitration in line with the arbitration clause contained in Section 35(e) of the Regulations (Docket No. 27). On August 29, 2017, plaintiff filed an amended complaint, which the WBO answered on October 31, 2017, reiterating its request to compel arbitration (Docket No. 38).[1]

## II. DISCUSSION

### A. Arbitration

The WBO claims the case should be dismissed because the disputes are subject to arbitration under Section 35(e) of the Regulations (Docket No. 38, pp. 20-21).[2] The Federal Arbitration Act ("FAA"), 9 U.S.C. §§ 1-16, was enacted "to overcome a history of judicial hostility

---

[1] The WBO requests dismissal and an order compelling arbitration (Docket No. 38, pp. 20-22). Nevertheless, it fails to specify the grounds on which dismissal is sought. Rule 12(b)(1) of the Federal Rules of Civil Procedure states that a party may seek dismissal of an action for lack of subject matter jurisdiction. This Rule is a "large umbrella, overspreading a variety of different types of challenges to subject-matter jurisdiction," including the existence of a valid arbitration agreement covering the dispute. See, Bercovitch v. Baldwin Sch., Inc., 133 F.3d 141, 156 n. 21 (1st Cir. 1998)("a court may dismiss, rather than stay, a case when all of the issues before the court are arbitrable"). Thus, considering that cases are properly dismissed for lack of subject matter jurisdiction when the court lacks the power to adjudicate them due to a valid arbitration agreement, Nowak v. Ironworkers Local 6 Pension Fund, 81 F.3d 1182, 1187 (2nd Cir. 1996); Prestige Capital Corp. v. Pipeliners of Puerto Rico, Inc., 849 F. Supp. 2d 240 (D.P.R. 2012), the court will rule on the WBO's request for dismissal under the lens of Rule 12(b)(1), considering relevant extrinsic materials, Dynamic Image Technologies, Inc. v. U.S., 221 F.3d 34, 37 (1st Cir. 2000)(use of extrinsic materials in connection with Rule 12(b)(1)), "taking the well-pleaded facts as true and drawing all reasonable inferences in favor of the pleader." Valentín v. Hosp. Bella Vista, 254 F.3d 358, 365 (1st Cir. 2001).

[2] Section 35(e) states: "All WBO participants acknowledge and agree that the mandatory resort to the WBO Appeals Regulation is the sole and exclusive remedy for any claim, appeal or contest that arises from any right or status that is or could be subject to these Regulations or which results or could result from or relate to the interpretation or application of these Regulations. These WBO Appeals and Grievance Committee determinations are arbitrations within the contemplation of the Arbitration Law of Puerto Rico, 32 LPRA Section 3201 et. seq., the U.S. Arbitration Act, Title 9 of the United States Code, the Inter-American Convention on International Commercial Arbitration of July 30, 1975, and the Convention on the Recognition and Enforcement of Foreign Arbitration Awards of June 10, 1958. All WBO participants stipulate and agree that the nature of the sport requires a prompt, final and uniform resolution of all disputes concerning application of these Regulations by a tribunal experienced with the application of these Regulations and with special knowledge and experience in world championship professional boxing." See, Docket No. 40-1, ¶ 35(e).

to arbitration agreements." Campbell v. Gen. Dynamics Gov't Sys. Corp., 407 F. 3d 546, 551 (1st Cir. 2005). It reflects "the fundamental principle that an agreement to arbitrate is a matter of contract," Escobar-Noble v. Luxury Hotels Int'l of P.R., Inc., 680 F.3d 118, 121 (1st Cir. 2012), placing arbitration agreements on an equal footing as other contracts by stating that "an agreement in writing to submit to arbitration an existing controversy "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." Id. (citing 9 U.S.C § 2). Correspondingly, arbitration should not be compelled unless the parties entered into a validly formed and legally enforceable arbitration agreement covering the underlying claims. Id. Arbitrability turns on whether: (1) a valid arbitration clause exists; (2) the movant is entitled to invoke the clause; (3) the non-moving party is bound by it; and (4) the clause covers the claims asserted. See, FPE Foundation v. Cohen, 801 F.3d 25, 29 (1st Cir. 2015)(articulating test)(citing Soto-Fonalledas v. Ritz-Carlton San Juan Hotel Spa & Casino, 640 F.3d 471, 474 (1st Cir. 2011).

First, as to factors (1) and (3), there is an arbitration clause, and plaintiff has affirmatively alleged that he, as a member in good standing of the WBO, is bound by the Regulations (Docket No. 28, pp. 4-7, 20-22, 24). Because neither party contests the validity of or being bound by the clause, these factors are met. See, Crespo v. Matco Tools Corp., 274 F. Supp. 3d 15, 20-21 (D.P.R. 2017)(applying formulation)(citing in part Dialysis Access Ctr., LLC v. RMS Lifeline, Inc., 638 F.3d 367, 383 (1st Cir. 2011))(so holding).[3]

---

[3] Plaintiff includes a conclusory header in its response stating that the arbitration clause "is invalid with regards to [p]laintiff and, therefore, is not binding . . . ." (Docket No. 40, p. 23). However, there is no discussion of the facts to support that proposition, but rather general citations to case law on choice-of-law and forum-selection clauses (id. at pp. 23-24), which have no bearing on the arbitration clause. Thus, plaintiff's contention (if any) that the arbitration clause is invalid and/or not binding is disregarded as unsupported. See, Rocafort v. IBM Corp., 334 F.3d 115, 121-122 (1st Cir. 2003)(holding that passing reference to legal phrases and case citation without developed argument is not sufficient to defeat waiver).

Second, as to factor (2), nothing in the arbitration clause's terms restricts the parties' right to invoke arbitration. In effect, the clause states that "*[a]ll WBO participants acknowledge and agree* that the mandatory resort to the WBO Appeals Regulation is the sole and exclusive remedy for any claim, appeal or contest that arises from any right or status that is or could be subject to these Regulations or which results or could result from or relate to the interpretation or application of these Regulations. *These WBO Appeals and Grievance Committee determinations are Arbitrations* . . . ." Docket No. 40-1, ¶ 35(e)(emphasis added). Accordingly, factor (2) favors arbitration.

Third, as to factor (4), courts look at the factual allegations in the complaint to determine whether the claims are within the scope of the arbitration clause. See, Crespo, 274 F. Supp. 3d at 21 (examining factual allegations). They have consistently recognized that, given the preference for arbitration embodied in the FAA, arbitration clauses "should be interpreted broadly." Soto-Álvarez v. Am. Inv. & Mgmt. Co., 561 F. Supp. 2d 228, 231 (D.P.R. 2008)(citing in part Mastrobuono v. Shearson Lehman Hutton, Inc., 514 U.S. 52, 62 (1995). An order to arbitrate should not be denied unless it may be said with positive assurance that the arbitration clause "is not susceptible of an interpretation that covers the asserted dispute." United Steelworkers of Am. v. Warrior & Gulf Nav. Co., 363 U.S. 574, 582-83 (1960). In the absence of any express provision excluding a particular grievance from arbitration, "only the most forceful evidence of a purpose to exclude the claim from arbitration can prevail." Id. at 584-85.

Plaintiff claims the WBO failed to follow the Regulations, and by extension the Mohammad Ali Boxing Reform Act, by suddenly removing him without notice or explanation from his junior middleweight rank, which cut off his chance to be a contender for that rank's title, and in turn caused damages (Docket No. 28, pp. 7-25). The arbitration clause covers any disputes

arising from any member's "*right or status* that is or could be subject to these Regulations or which results or could result from or relate to the *interpretation or application of these Regulations*." Docket No. 40-1, ¶ 35(e)(emphasis added). The claims fit neatly within the clause's reach. Consequently, factor (4) is met, making the claims arbitrable under the four-factor test laid out above.

### B. Plaintiff's Defenses

*1. Forum Selection Clause*

Plaintiff alleges the forum selection clause in Section 35(d) overrides the arbitration clause in Section 35(e)(Docket Nos. 40, pp. 9-11). The forum selection clause states that "*the exclusive venue for any or all action in which the WBO is made a party,* whether it is to enforce, interpret or declare the application of these Regulations or to appeal from any determination of the WBO, including, but not limited to a determination of the Complaints and Grievance Committee, *may be maintained only in the Superior Court of the Commonwealth of Puerto Rico, or, if applicable, in the U.S. District Court for the Commonwealth of Puerto Rico*" (Docket No. 40-1, ¶ 35(d))(emphasis added).

On plaintiff's interpretation, this clause applies when the WBO is a party to a claim concerning the application and interpretation of the Regulations, whereas the arbitration clause applies when the WBO is not a party (Docket No. 51, p. 5). And because the WBO is a party in the present case, then, pursuant to the "clear and unambiguous" terms of Section 35(d), the dispute can only be heard in this District or Puerto Rico courts (Docket No. 40, pp. 9-11; Docket No. 51, pp. 2-7). In addition, he states that Regulations are an adhesion contract which the WBO drafted,

and so considered, any ambiguities between Section 35(d) and Section 35(e) should be resolved in plaintiff's favor under Puerto Rico law[4]

There is no tension between the two clauses, and both are clear an unambiguous. Section 35(d) governs choice of forum in the event the WBO is made party to a litigation regarding a dispute not subject to arbitration. Such event could happen if, for example, the member's claims are in no way related to the Regulations, or if related, the WBO voluntarily or implicitly foregoes arbitration proceedings. But that is not the case here. Moreover, nothing in the text of Section 35(e) limits its application to claims in which the WBO is not a party, for the clause applies to "[a]ll WBO participants," a term which includes "all WBO Officials" and "any and all person or company who participates in any WBO activity." See, Docket No. 40-1, ¶¶ 35(e) and (g). And even if, assuming for sake of argument, there is some ambiguity favorable to plaintiff, the strong federal policy in favor of arbitration would nonetheless trump the Puerto Rico law tenet that ambiguities in adhesion contracts are to be resolved in favor of the non-drafter. See, Dialysis Access Ctr., LLC, 638 F.3d at 382 & n. 14 (rejecting ambiguity argument based on Puerto Rico law to hold that the strong federal policy in favor of arbitration overrode it). Therefore, the forum-selection clause does not override the arbitration clause.

2. *Waiver*

Plaintiff claims the WBO implicitly waived the right to invoke the arbitration clause (Docket No. 40, pp. 11-23). In assessing whether the right to arbitrate has been waived, courts consider whether: (1) the parties participated in a lawsuit or took other action inconsistent with arbitration; (2) the litigation machinery has been substantially invoked and the parties are well into

---

[4] P.R. Laws Ann. tit. 31, § 3478, states that "[t]he interpretation of obscure stipulations of a contract must not favor the party occasioning the obscurity."

preparation of a lawsuit by the time an intention to arbitrate is communicated; (3) there has been a long delay and trial is near; (4) the party seeking to compel arbitration has invoked the jurisdiction of the court by filing a counterclaim; (5) discovery not available in arbitration has occurred; and (6) the party asserting waiver has suffered prejudice. See, FPE Foundation, 801 F.3d at 29 (listing factors).

In this light, plaintiff posits the WBO waived the right to arbitrate because it has actively engaged in litigation, having invoked the jurisdiction of the District Court of New Mexico by removing the case from the New Mexico state court and then moving to dismiss and transfer, instead of seeking arbitration then and there (Docket No. 40, pp. 16-23; Docket No. 51, pp. 8-10). He asserts there was significant delay in moving to compel arbitration; he had already served written discovery, unavailable in arbitration proceedings, on the WBO by the time the motion to compel was filed; and he would be prejudiced, for he has "invested a substantial amount of time and money prosecuting this case." Id.

First, as of the date the motion to compel was filed, the WBO had only filed a notice of removal, a motion to dismiss for improper venue, and a motion for transfer of venue in compliance with court orders (Docket Nos. 1, 4, 11). These motions raised issues related to jurisdiction and venue, without reaching the merits of the complaint. Id. A party does not waive its right to arbitrate by filing a motion to dismiss or to transfer venue. See, Sharif v. Wellness Int'l Network, Ltd., 376 F.3d 720, 726-27 (7th Cir. 2004)(so holding). Besides, that the WBO filed these motions and received an interrogatory from plaintiff at the time it moved to compel is insufficient to configure waiver. See, Williams v. Cigna Fin. Advisors, Inc., 56 F.3d 656, 661-62 (5th Cir. 1995) (removal to federal court, filing of motions to dismiss and to stay discovery, as well as answer to complaint with a compulsory counterclaim, and exchanging Fed. R. Civ. P. 26 disclosures, does

not substantially invoke the judicial process and waive right to invoke arbitration); J & S Const. Co. v. Travelers Indem. Co., 520 F.2d 809, 809-10 (1st Cir. 1975)(no waiver where defendant answered claim, interrogatories, permitted depositions, and sought arbitration 13 months after the suit was filed); FPE Foundation, 801 F. 3d at 31 (noting absence of waiver where defendant filed a motion to dismiss and a single request for production). *Compare with*, Joca-Roca Real Estate, LLC v. Brennan, 772 F. 3d 945, 948 (1st Cir. 2014)(finding waiver where the plaintiff commenced a civil action, vigorously prosecuted it, and then, after many months of active litigation, tried to pursue an arbitral remedy) and Jones Motor Co. v. Teamsters Local Union No. 633, 671 F. 2d 38, 42, 44 (1st Cir. 1982)(waiver found when party seeking arbitration engaged in deposition-taking, a pre-trial conference, cross-motions for summary judgment, and oral argument).

Second, although the parties seem to have engaged in some "discovery not available in arbitration" after the motion to compel was filed, the WBO has not counterclaimed, moved to dismiss or for summary judgment on the merits, or requested that trial be scheduled to adjudicate plaintiff's claims. The WBO moved to compel with its answer as soon as the complaint was brought to the proper forum, reiterating the request in answering the amended complaint. And by then, the parties had not conducted any meaningful discovery. So just as in Creative Sols. Grp., Inc., the court cannot conclude that the parties were "well into preparation of the case by the time an intention to arbitrate was communicated," or that the WBO "had taken other steps inconsistent with its right to arbitration." Creative Sols. Grp., Inc., 252 F.3d at 33.

Third, beyond the absence of conduct strongly suggestive of waiver, plaintiff has not shown prejudice, an "essential" element for a finding of waiver. See, FPE Foundation, 801 F. 3d at 31 (noting character of prejudice in waiver analysis). Plaintiff's bare assertion as to having incurred in substantial costs and expenses in the litigation is not enough for a finding of prejudice. See,

Benítez-Navarro v. González-Aponte, 660 F. Supp. 2d 185, 195 (D.P.R. 2009)(holding that unsubstantiated claim of "considerable expenses" is not enough to demonstrate prejudice)(citing Creative Sols. Grp., Inc., 252 F.3d at 33 (holding that legal expenses incurred by plaintiff is an unpersuasive ground for waiver)). In all, the court is not persuaded that there was waiver here.

   3. *Party/Factfinder*

Plaintiff complains that he will not have a fair opportunity to pursue his claims in arbitration because the WBO will act as both party and factfinder in arbitration, (Docket Nos. 40, pp. 24-29; 51, pp. 10-13). The "WBO Appeal Regulations," which govern WBO arbitrations, do not seem unfair in any material sense. The Grievance Committee that will hear plaintiff's claims is comprised of three members chosen by the President of the WBO and confirmed by the Executive Committee. See, Docket No. 40-3, p. 1)(so explaining). But they cannot be members of the Executive Committee. Id.

The Grievance Committee shall act as fair and independent arbitrator and conduct proceedings *ex aequo et bono.* Id. at pp. 1-2. Plaintiff shall be afforded notice, a hearing and the right to submit evidence. Id. The Committee's decisions shall be final, but judicially reviewable in this District or Puerto Rico courts. Id. at p. 3. Consequently, the proceedings meet the essential requirements of fairness. See, Ramírez-De-Arellano v. Am. Airlines, 133 F.3d 89, 91 (1st Cir. 1997)(identifying requirements).

   4. *Statutory Right*

Plaintiff maintains that he has the statutory right to sue in state or federal court for violations to the Muhammed Ali Boxing Reform Act, 15 U.S.C § 6309(d), and that the Grievance Committee lacks jurisdiction to hear claims under the statute because it "only has jurisdiction to entertain claims pertaining to its own regulations." (Docket No. 40, pp. 13-14). However,

contractually required arbitration satisfies the statutory prescription of civil liability in court. See, CompuCredit Corp. v. Greenwood, 565 U.S. 95, 101 (2012)(so recognizing). On this formulation, by agreeing to arbitrate a statutory claim a party does not forgo the substantive rights afforded by the statute, as it only submits to their resolution in an arbitral, rather than a judicial, forum. See, Mitsubishi Motors v. Soler Chrysler-Plymouth, 473 U.S. 614, 628 (1985) (so holding). So long as the prospective litigant effectively may vindicate its statutory cause of action in the arbitral forum, "the statute will continue to serve both its remedial and deterrent function." Id. at 637; CompuCredit Corp., 565 U.S. at 101 (noting that "contractually required arbitration of claims satisfies the statutory prescription of civil liability in court").

Similarly, as noted above, insofar as plaintiff alleges that the WBO violated the Muhammed Ali Boxing Reform Act by breaching its Regulations, the claims under the Act are also within the scope of the arbitration clause. For that reason, plaintiff will still be in a position to exercise his rights and submit its claims under the Muhammed Ali Boxing Reform Act if his claims are sent to arbitration before the Grievance Committee. And because his claims under the Act are inexorably intertwined to the WBO's alleged breach of the Regulations, they too are within the scope of the arbitration clause.

### III.   CONCLUSION

Given that the issues raised in the complaint are arbitrable, the parties must submit them to arbitration. Any doubts concerning the scope of arbitrable issues should be resolved in favor or arbitration, whether the problem at hand is the construction of the contract language itself or an allegation of waiver, delay, or a like defense to arbitrability. See, Moses H. Cone v. Mercury Constr. Corp., 460 U.S. 1, 24-25 (24-25)(1983)(stating standard). Therefore, dismissal is appropriate to channel the issues to the appropriate forum. See, Bercovitch, 133 F.3d at 156 n. 21

(so acknowledging). This conclusion does not preclude ultimate judicial review or enforcement of the arbitration award should the affected party consider it necessary. In consequence, the motion at Docket No. 38 is GRANTED. Judgment shall be entered accordingly.

**SO ORDERED.**

In San Juan, Puerto Rico, this 30th day of September, 2018.

s/Pedro A. Delgado-Hernández
PEDRO A. DELGADO-HERNÁNDEZ
United States District Judge
